
RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 5/12/06

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JEFFREY S. REED<br>KERRI REED | CIVIL ACTION NO. 04-1669 |
| VS. | JUDGE HAIK |
| KERR MCGEE OIL & GAS CO., INC.<br>DELTA TOWING, L.L.C. | MAGISTRATE JUDGE METHVIN |

### RULING ON MOTION TO COMPEL DISCOVERY
*(Rec. Doc. 56)*

Before the court is the motion to compel discovery filed by plaintiffs on April 7, 2006.[1] The motion has been set on the undersigned's May 24, 2006 motion calendar with oral argument, in accord with the Court's routine procedures for handling motions. At this time, a review of the record shows that no opposition has been filed and that the delays allowed for the filing of an opposition have expired.[2]

### *Factual Background*

Plaintiff Jeffrey Reed filed this lawsuit seeking damages for injuries allegedly sustained while he was working aboard a platform owned and operated by defendant Kerr McGee Oil & Gas Company, Inc. ("Kerr McGee") on January 21, 2002. The platform was located in Gulf of Mexico. Reed, an employee of Sola Communications ("Sola"), contends that at the time of his accident, Kerr McGee was also the owner, operator, and/or charterer of an offshore work boat used to transport their employees and employees of their contractors, including Sola, to the

---

[1] Rec. Doc. 56.

[2] Local Rule 7.5W requires that written opposition to a motion be filed within fifteen (15) days after service of the motion.

platform. Reed contends that while offloading from the work boat to the platform, he suffered severe, permanently disabling injuries. Jeffrey's wife, Kerri Reed, seeks damages for loss of consortium.

### *Motion to Compel*

In their motion, the Reeds seek an order requiring defendant to produce the entire Kerr McGee safety manual that was in effect during the month of January 2002. Plaintiffs requested this document in their Request for Production of Documents No. 1, which was propounded on Kerr McGee on November 29, 2005. In its responses to plaintiffs' requests for production of documents, Kerr McGee objects to the request on grounds of overbreadth, stating that large parts of the safety manual "have no relevant bearing to the matter in question." Subject to that objection, Kerr McGee produced the sections of the safety manual relating to employee transportation and boarding and disembarkation of vessels at platforms, which total six pages. Plaintiffs contend that there are other portions of the safety manual that likely would be relevant to their claims, including general safety provisions that apply to *any* procedure performed on the platform. Plaintiffs further contend that the manual likely also contains safety rules and regulations that apply to Kerr McGee supervisors as well as contract personnel such as plaintiff Jeffrey Reed that were not included in the six pages produced. Therefore, plaintiffs contend that the entire safety manual should be produced.

After consideration of the plaintiff's brief, and noting the lack of a response by Kerr McGee, the undersigned concludes that portions of the safety manual not already produced by Kerr McGee may well contain information that is relevant to the claims raised by plaintiffs in this

3

lawsuit. Kerr McGee has raised no issues regarding confidentiality of the safety manual, nor has it objected to producing the manual on grounds that the discovery deadline lapsed in this case on March 1, 2006. Considering the foregoing, the undersigned finds that the entire safety manual is relevant and should be produced. Therefore,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel discovery (Rec. Doc. 56) is **GRANTED**. Kerr McGee shall produce the safety manual in place during the month of January 2002 in its entirety *within ten days of the date of this order.*

**IT IS FURTHER ORDERED** that the Clerk shall FAX a copy of this order to all counsel of record.

Signed at Lafayette, Louisiana on May 12th, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT
DATE 5/12/06
BY CB
fx TO Burleigh, Sr.
Ryan
McLeod
Stich
McCleskey, Jr
Riviere