
RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 5/30/06

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| JEFFERY S. REED AND KERRI REED | * | CIVIL ACTION NO. 04-1669 |
| VERSUS | * | JUDGE RICHARD T. HAIK |
| KERR McGEE OIL & GAS COMPANY, INC., ET AL | * | MAGISTRATE JUDGE METHVIN |

**ORDER**

Plaintiff filed a motion for a Rule 9(h) bench trial against both defendants. The Court granted plaintiff's motion as to Delta Towing, Inc. ("Delta Towing") and ordered briefs as to Kerr McGee Oil & Gas Company, Inc. ("Kerr McGee"). Upon due consideration of the parties' pleadings and supporting memoranda, the plaintiff's Motion for Bench Trial [Doc. #33], filed on behalf of Jeffrey S. Reed, is HEREBY DENIED the following reasons:

### I. Background

Plaintiff, Jeffery Reed, was a telecommunications technician employed by SOLA Communications. SOLA entered into a contract with Kerr McGee to perform work on communication systems on Kerr McGee platforms in the Gulf of Mexico. Reed's job assignment was to work on the communication system on Kerr McGee's platform located at Ship Shoal Block 28 on the Outer Continental Shelf. Reed was transported to the platform by the M/V DELTA TRAVELER. The DELTA TRAVELER was owned by Delta Towing. Kerr McGee time chartered the DELTA TRAVELER to service its platforms throughout the Gulf of Mexico. Reed allegedly suffered severe injuries when stepping or jumping from the DELTA TRAVELER onto Kerr

1

McGee's fixed platform.

## II. Discussion

Plaintiff argues that the case should be tried to the bench because its claims against Kerr McGee fall under the admiralty jurisdiction of this Court. Kerr McGee argues that the Outer Continental Shelf Lands Act ("OCSLA")governs the claims against it and, therefore, that Kerr McGee is entitled to a jury trial.

For this Court to conclude that OCSLA governs the dispute against Kerr McGee, and, therefore, that Kerr McGee has a right to a jury trial, the Court must address whether: 1) the controversy against Kerr McGee arises on a situs covered by the OCSLA (i.e. the subsoil, seabed, or artificial structures permanently or temporarily attached thereto); 2) federal maritime law applies of its own force; and 3) the state law is not inconsistent with federal law. See *Hodgen v. Forest Oil Corp.*, 87 F.3d 1512, 1523 (5th Cir. 1996), quoting *Union Texas Petroleum Corp. v. PLT Engineering*, 895 F.2d 1043, 1047 (5th Cir. 1990), *cert. denied*, 498 U.S. 848, 111 S.Ct. 136, 112 L.Ed.2d 103 (1990).

### A. OCSLA Situs

*Hollier v. Union Texas Petroleum Corp*, et al, 972 F.2d 662 (5th Cir. 1992), involved facts similar to the case at hand. As a platform worker was transferring from the vessel to the platform, he slipped between the vessel and the platform, was crushed, and then drowned. Id. at 664. His widow and children brought an action under the Death on the High Seas Act, maritime law, OCSLA, and Louisiana law against the owner and operator of the vessel. Id. The owner and operator of the vessel filed a third-party action for indemnity against Hollier's employer, and the employer's insurer. Id. The primary injury claim settled. Id. After a bench trial the district court enforced the indemnity

provision against employer and employer's insurer. Id. The third-party defendants appealed. The Fifth Circuit reversed the district court and held that Louisiana law, which prohibits these indemnity provisions, applied through OCSLA. Id. The Fifth Circuit found that the accident took place on a situs covered by OCSLA and maritime law did not apply of its own force. Id. at 664-65. The Court reasoned that accident took place on an OCSLA covered situs because he was in physical contact with the fixed platform at the time of his injury. Id.

As the Court found in *Hollier*, OCSLA situs is present in this case because the injury allegedly occurred on the deck of the OCSLA platform. Thus, OCSLA situs exists with regard to plaintiff's claims against Kerr McGee as platform owner.

### B. Admiralty Jurisdiction

Although OCSLA situs is met, the Court will now address whether federal maritime law applies of its own force to the claims against Kerr McGee. Under *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock*, in order to establish federal admiralty jurisdiction over a tort claim, a party must meet requirements of both maritime location and maritime connection. 513 U.S. 527, 534, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995). "A court applying the location test must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water." Id. citing 46 U.S.C.App. § 740.

There are two issues raised by the maritime connection test. First, a court must "assess the general features of the type of incident involved to determine whether the incident has a potentially disruptive impact on maritime commerce." *Grubart* 513 U.S. at 534 (internal citations omitted). The second question is whether "the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity." Id.

### 1. Maritime Location

In this case, the plaintiff allegedly sustained injuries on the platform when he stepped or jumped from the DELTA TRAVELER onto the Kerr McGee fixed platform on the Outer Continental Shelf. He allegedly sustained injuries on the fixed platform, not the vessel. Here, a fixed platform located on the Outer Continental Shelf is considered land for the purposes of maritime jurisdiction.

Although plaintiff allegedly suffered injuries on land, here, the fixed oil platform, the location requirement is met if the alleged injuries were caused by a vessel on navigable water. Id. In this case, there is no dispute that the M/V DELTA TRAVELER was on navigable water at the time of the incident. Additionally, plaintiff's complaint contains allegations of vessel negligence against Delta Towing as vessel owner and Kerr McGee as time charterer and platform owner. Specifically, plaintiff alleges:

> "the accident complained herein was caused solely by the negligence of your defendants, Kerr McGee and/or Delta Towing, their agents, employees, and the negligence and unseaworthiness of said vessel in the following nonexclusive particulars:
> 1. In placing your complainant in a position of peril.
> 2. In failing to provide your complainant with safe egress from said vessel.
> 3. In instructing your complainant to jump from the vessel to the platform when it was unsafe to do so.
> 4. In failing to provide your complainant with a swing rope and/or personnel basket to get from said vessel to the platform.
> 5. In failing to adequately train and supervise personnel.
> 6. Any and all other acts of negligence to be introduced at trial of this matter.

Therefore the requirement of maritime location is met.

### 2. Maritime Connection

In determining the maritime connection requirement, the court must assess whether the general features of the type of incident involved have a potentially disruptive impact on maritime

commerce. The court must also determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity. *See Grubart*, 513 U.S. at 534, 115 S.Ct. at 1048. The relevant activity is defined by the general features from which the incident arose. *Sisson v. Ruby*, 497 U.S. 358, 364, 110 S.Ct. 2892, 2897, 111 L.Ed.2d 292 (1990). "The key inquiry is whether the allegedly tortious activity is 'so closely related to activity traditionally subject to admiralty law that the reasons for applying special admiralty rules would apply in the suit at hand." *Alan Strong, et al v. B.P. Exploration & Production, Inc.*, 05-30153, p.5, 440 F.3d 665, 669 (5th Cir. 02/15/06) citing, *Grubart* at 539-540, 115 S.Ct. 1043.

In this case, plaintiff was a telecommunications technician hired as an independent contractor to work on a fixed platform on the Outer Continental Shelf. The relevant activity, in this case, involved a telecommunications technician's act of stepping or jumping from the deck of a vessel onto a fixed platform where he allegedly sustained injuries. The potential for this type of activity to disrupt maritime commerce is remote at best. It may be argued that a person injured during egress from a vessel to a fixed platform will disrupt maritime commerce because a vessel carrying crew and cargo may be prohibited from sailing to its next destination in order to assure the expedient treatment or safety of an injured person. However, those facts are not present in this case. Furthermore those facts are far removed from the potential disruptions in maritime commerce found by the United States Supreme Court in *Sisson*, 497 U.S. at 370-71, 110 S.Ct. at 2900, where "a fire involving a pleasure craft at pier caused danger to docking and storage of vessels generally, and *Foremost v. Co. Richardson*, 457 U.S. 668, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982), where a collision between pleasure craft in isolated area involved dangers of collision to congested commercial shipping lanes." *Solet v. CNG Producing Co., et al*, 908 F.Supp. 375, 378 (W.D.La. 1995).

This activity also bears no relation to traditional maritime activity. In *Hollier*, supra, the Court disagreed with the appellee's contention that the act of stepping from the crew boat to the platform was the performance of a maritime obligation. *Hollier* at 665. The Court stated further, "every person who performs work on a platform must, in fact, step onto it." Additionally, plaintiff would not have been injured in this matter but for his duties to perform work on a fixed platform on the Outer Continental Shelf. Although there are maritime claims against Delta Towing, the claims against Kerr McGee cannot be considered to fall under maritime jurisdiction simply because the vessel owner is also being sued. At this time there is no evidence of any shared duties which would justify holding Kerr McGee under maritime jurisdiction along with Delta Towing. *Solet*, 908 F.Supp at 378. Therefore the circumstances of this case fail to satisfy the maritime connection standard set forth in *Grubart*.

### C. Consistent State Law

The term "federal law" in this context refers to federal statutory law. See Walter Oil & Gas Corp. v. NS Group, Inc., 867 F.Supp. 549 (S.D. Tex. 1994). The application of Louisiana law to the claims asserted against Kerr McGee is not inconsistent with federal law because there is no statutory federal law that governs the duties to plaintiff and the potential liabilities of Kerr McGee under the circumstances of this case.

### III. Conclusion

Since all three OCSLA conditions are met, the plaintiffs' claims against Kerr McGee are governed by OCSLA through which Louisiana law is adopted as surrogate federal law. Accordingly, it is HEREBY ORDERED that the claims of both plaintiffs against Kerr McGee shall be tried by a jury. Furthermore, under F.R.C.P. 39(c), it is HEREBY ORDERED that the Court will utilize the

jury in its advisory capacity with regard to the general maritime law claims against Delta Towing. Finally, it is HEREBY ORDERED that pursuant to OCSLA and under the Louisiana law of quasi delicts, both plaintiffs may pursue claims for non-pecuniary damages against Kerr McGee.

THUS DONE AND SIGNED at Lafayette, Louisiana, this 30th day of May 2006.

*Richard T. Haik*
CHIEF JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

COPY SENT
DATE 5/30/06
BY PO
TO RTH
bB